# 'A. L. ARPIN ET AL.

## *v.*.

# RAMON VALDES ET AL.

IN EQUITY—DEMURRER TO BILL FOR INJUNCTION—POWER OF EXECUTIVE COUNCIL TO GRANT FRANCHISES.

1. The ownership of streams in Porto Rico, which belonged to the Spanish government, for public use, was transferred by the treaty of cession to the United States.
2. By the act of Congress, April 12th, 1900, the power to grant franchises in such streams was conferred upon the executive council. This duty by the executive council is not subject to the direction of the courts, save to protect vested rights. A bill which substantially is one to re-view its action is demurrable.

June 25, 1901.

*Messrs. Pettingill & Keedy* for complainants.

*Mr. F. H. Dexter* for defendants.

HOLT, Judge, delivered the following opinion:

This cause is submitted upon the demurrer to the bill, and both parties have been fully heard.

In or prior to the year 1896, the parties to this controversy

---

*Navigable waters of the United States.* As to what are navigable waters of the United States, see the presentation of the authorities in editorial notes to United States v. The Montello, 22 L. ed. U. S. 391; Perry v. Haines, 48 L. ed. U. S. 73.

Arpin v. Valdes.

had acquired either a right to the use or a fee in various tracts of land bordering on the Plata river, near a fall thereof called "El Salto." Each formed the idea of utilizing the water at said fall for electric purposes: Prior to the establishment of the American civil government in the island, each made application for a concession therefor. The plaintiffs petitioned the commander of the United States Army therefor in October, 1898, and in March, 1899, filed their claim with the military authorities, asking it. The defendants also filed with the Spanish authorities an application for the concession to utilize said water power, or, at least, a part of it. No grant, however, had been made to either party when the American military government was superseded by the American civil government. No right had vested, up to that time, in either party.

The river is not a navigable stream, but of public ownership. Prior to the island of Porto Rico becoming American soil, this stream was owned by the Spanish government for the public use. When the cession was made to the United States by the Spanish government, its disposition and control passed, of course, to the new owner. Recognizing this fact, each of these parties applied to the executive council of Porto Rico for this franchise. By the act of Congress of April 12th, 1900, the power to grant franchises or concessions of a public nature was conferred upon this council; and this court has heretofore held that in the performance of this duty it is not subject to the direction of the courts. Of course, if it were to attempt to grant a right to a party which was already vested in another, in a contest between the individuals a court would hold the attempted grant invalid; but no such question is now presented. The executive council, by virtue of the authority thus given it, saw fit to grant a franchise in this instance to the defendants. While some other matters are attempted to be set up in the bill, it is,

Arpin v. Valdes.

when considered in its entirety, substantially and in effect one to enjoin the exercise of the franchise as granted, and thereby have the court review the action of the council. The central idea of the bill is that the franchise was illegally granted; and this is the sum and substance of the averments.

The ownership of the government for public use of this franchise has been granted by the proper authority to the defendants; but before any private property can be invaded or taken for the use thereof, due compensation must be made. If the plaintiffs own any property necessary for its exercise, it cannot, of course, be taken without due proceeding and proper compensation; and whatever rights or property so taken will thus be obtained by due process of law, for a work of public utility.

The demurrer to the bill is therefore sustained; and, the plaintiffs declining to plead further, the bill is ordered dismissed at their costs.